UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Alexzandria Morgan, | Case No. 2:25-cv-01458-GMN-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| Sennie "Skip" Martin III, et al. | |
| Defendants. | |

Before the Court is plaintiff Alexzandria Morgan's motion for service by publication and to enlarge the time for service. ECF No. 6. This Court finds that Plaintiff meets the requirements for service by publication and that there exists good cause for the requested extension. Therefore, the motion will be granted.

**I.    BACKGROUND**

On August 7, 2025, Plaintiff filed her Complaint against Defendants alleging claims for (1) Declaratory Judgement; (2) Accounting Against Defendants; (3) Federal Copyright Infringement (17 U.S.C. § 501); (4) Breach of Contract; and (5) Breach of Implied Covenant of Good Faith and Fair Dealing.

Plaintiff has been unable to serve Defendants. Plaintiff represents that on August 20 and August 22, 2025, a process server unsuccessfully attempted service of process on Martin and Sound Success at 3145 E. Warm Springs Rd., Suite 200, Las Vegas, NV 89120. ECF No. 6-2. This is the listed address for the registered agent of Sound Success. On September 5 and 6, 2025 a process server unsuccessfully attempted service of process on Martin and Sound Success at 9413 Moon Splash Court, Las Vegas, NV 89129, a residential property believed to be associated with Defendant Martin. *Id*. After these attempts, Plaintiff conducted a search of publicly available sources through its firm's internal reference team for additional contact information for both Martin and Sound Success. ECF No. 6-1.

## II. SERVICE BY PUBLICATION

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Instead, it requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* To that end, service of process is governed by Rule 4 of the Federal Rules of Civil Procedure.

Rule 4(e) governs service of individuals located within a judicial district of the United States. FED. R. CIV. P. 4(e). It provides that service is proper by serving an individual in accordance with law of the state where the district court is located. Fed. R. Civ. P. 4(e)(1). This Court is located in the District of Nevada. The Nevada Rules of Civil Procedure ("NRCP"), in turn, allow for service by publication. NRCP 4.4(c).

A litigant who desires to effect service by publication must meet eight requirements. NRCP 4.4(c).[1] The litigant must (1) establish that "the service methods provided in [NRCP] 4.2,

---

[1] NRCP 4.4 provides:

> (c) **Service by Publication.** If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) and (b) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be made by publication.
> (1) **Conditions for Publication.** Service by publication may only be ordered when the defendant:
>   (A) cannot, after due diligence, be found;
>   (B) by concealment seeks to avoid service of the summons and complaint; or
>   (C) is an absent or unknown person in an action involving real or personal property under Rule 4.4(c)(3).
> (2) **Motion Seeking Publication.** A motion seeking an order for service by publication must:
>   (A) through pleadings or other evidence establish that:
>     (i) a cause of action exists against the defendant who is to be served; and
>     (ii) the defendant is a necessary or proper party to the action;
>   (B) provide affidavits, declarations, or other evidence setting forth specific facts demonstrating the efforts that the plaintiff made to locate and serve the defendant;
>   (C) provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought and including any special statutory requirements;
>   (D) suggest one or more newspapers or other periodicals in which the summons should be published that are reasonably calculated to give the defendant actual notice of the proceedings; and

4.3, and 4.4(a) and (b) are impracticable";[2] (2) demonstrate that the defendant cannot, after due diligence, be found, or that the defendant seeks to avoid service of process through concealment; (3) establish through pleadings or other evidence that a cause of action exists against the defendant; (4) demonstrate that the defendant is a necessary or proper party to the action; (5) set forth specific facts demonstrating the efforts plaintiff made to locate and serve the defendant; (6) provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought; (7) suggest one or more newspapers in which the summons should be published that are reasonably calculated to give the defendant actual notice; and (8) provide the defendant's last-known address, the dates during which defendant lived at that address, and confirmation that plaintiff is unaware of any other address at which defendant has resided since that time or at which defendant can be found. NRCP 4.4(c).

Here, this Court will grant Plaintiff's motion because it satisfies the eight requirements imposed by NRCP 4.4(c). Regarding the first requirement, Plaintiff has established that the service methods in NRCP 4.2, 4.3, 4.4(a), and 4.4(b) are impracticable. Beginning with NRCP 4.2, it is evident that personal or substitute service is impracticable at this juncture because Plaintiff diligently attempted to locate Defendants but to no avail. Service under NRCP 4.3 is likewise impracticable because that provision governs service of persons located outside Nevada or the United States. Here, Defendants' last-known addresses are in Las Vegas, Nevada. ECF No.

---

> (E) if publication is sought based on the fact that the defendant cannot be found, provide affidavits, declarations, or other evidence establishing the following information:
> (i) the defendant's last-known address;
> (ii) the dates during which the defendant resided at that location; and
> (iii) confirmation that the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which the defendant can be found.

[2] NRCP 4.2 tracks federal Rule 4(e)(2) and permits service of an individual by either delivering a copy of the summons and complaint to the individual personally, leaving the copies at the individual's dwelling with a person of suitable age and discretion, or delivering the copies to an agent authorized by appointment or by law to receive service of process. NRCP 4.2(a); Fed. R. Civ. P. 4(e)(2). NRCP 4.3 governs service of individuals located outside Nevada or outside the United States. NRCP 4.4(a) governs service in a manner prescribed by statute. And NRCP 4.4(b) governs service "through any alternative service method."

6-1. There is no indication that Defendants are located outside Nevada or the United States. Therefore, service under NRCP 4.3 impracticable. Further, service under NRCP 4.4(a) is inapplicable and therefore impracticable because there exists no statute that requires service upon Defendants in a particular manner. Finally, service under NRCP 4.4(b) is also impracticable given the information presented by Plaintiff.

Additionally, the Court finds that the record reflects Plaintiff has satisfied the second, fifth, and eighth requirements. Regarding the third requirement, a cause of action is "[a] group of operative facts giving rise to one or more bases for suing" or a "legal theory of a lawsuit." *Cause of Action*, BLACK'S LAW DICTIONARY (11th ed. 2019). Plaintiff's theory is set forth in its pleadings and summarized above. Thus, Plaintiff meets the third requirement, too. Further, Defendants are necessary and proper parties to this matter given the allegations in the complaint. Thus, Plaintiff meets the fourth requirement, too.

Plaintiff likewise meets the sixth requirement. NRCP 4.4 provides that a litigant who desires to serve her adversary by publication must "provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought[.]" NRCP 4.4(c)(2)(C). Thus, NRCP 4.4 speaks to the content of the summons. However, the required content of summonses issued by the federal court is governed by Federal Rule of Civil Procedure 4. *See* Fed. R. Civ. P. 4(a). Rule 4 is consonant with the Rules Enabling Act and the U.S. Constitution because it does not "abridge, enlarge, or modify any substantive right." *See* 28 U.S.C. § 2072; *see also Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003). Therefore, Rule 4 "applies regardless of contrary state law." *Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 427 n.7 (1996). Accordingly, Rule 4 will govern the content of the summonses issued in this case.

Finally, Plaintiff meets NRCP 4.4(c)'s seventh requirement because she suggested that the complaint and summons be published in the Review Journal, which is a newspaper of general circulation printed in Las Vegas, Clark County, Nevada.

In sum, this Court will grant Plaintiff's motion to serve Defendants by publication in accordance with NRCP 4.4(c) and Federal Rule 4(e)(1). Additionally, however, Nevada law

enables the Court to order Plaintiff "to make reasonable efforts to provide additional notice . . . to a defendant using other methods of notice, including certified mail, telephone, voice message, email, social media, or any other method of communication." NRCP 4.4(d)(1). Thus, the Court will also order that Plaintiff send the summons and complaint to any email or social media addresses belonging to Defendants and by certified mail to the addresses where it attempted personal service. Lastly, Plaintiff shall serve Defendant Sound Success by service on the Nevada Secretary of State.

### III. ENLARGING THE TIME FOR SERVICE

Rule 4 provides that plaintiff must serve defendant "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). But if a plaintiff shows goods cause for the failure to serve, the court must extend the time for service. *Id*. Based on the facts discussed above, the Court finds good cause and will extend the time for service by 90 days.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion (ECF No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must publish the summons and complaint in the Review Journal Nevada once per week for a period of four weeks.

**IT IS FURTHER ORDERED** that Plaintiff must send a copy of the summons and complaint to any email or social media addresses belonging to Defendants.

**IT IS FURTHER ORDERED** that Plaintiff must send a copy of the summons and complaint by certified mail to the addresses where it attempted personal service.

**IT IS FURTHER ORDERED** that Plaintiff shall serve Defendant Sound Success by service on the Nevada Secretary of State.

**IT IS FURTHER ORDERED** that the deadline for service is extended by 90 days following the issuance of this order.

DATED: November 6, 2025.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE